THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO MOJICA PEDROZA, Defendant and Appellant.

Nos. CR-64-504-506.    Decided October 13, 1965.

*Jorge López Santiago* and *Antonio Andino* for appellant. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras, Acting Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This is a borderline case, but in view of the importance of the question raised we will reverse and order a new trial.

Appellant was charged with the offenses of aggravated assault and battery and violation of §§ 8 and 6 of the Weapons Law. The cases were heard jointly before the Superior Court, San Juan Part; the first two before a jury and the third by the court without a jury. Defendant was found guilty of the three offenses charged and, feeling aggrieved by that result, he appealed to us.

He assigns two errors. The first, that defendant did not have due assistance of counsel. The second, that the judgment is contrary to the evidence and to law. He includes in the

second error a challenge of the instructions to the jury. We have examined the transcript of evidence and the record and find that there is merit in the first assignment.

On November 12, 1963, defendant and his attorney, Mr. Antonio Andino Elías, appeared before the court in compliance with an order thereof. Defendant admitted having a copy of the informations and, with his consent, they were considered read. The hearing of the cases was set for December 17, 1963. The minutes of that day read as follows:

"Mrs. Anatilde Rivera de Morales, an attorney at law, appeared at the hearing of this case, but defendant did not. The attorney alleges that Mr. Antonio Andino Elías had appeared on above date.

"Mr. Andino Elías appeared later with the defendant and alleged that since these cases belonged to Room 11, they were there. The cases are being heard today in Room 5.

"The court continues the hearing of these cases to February 27, 1964 at 9 a.m.

"Defendant was summoned in open court and his attorney notified.

"Witnesses Ramón Maldonado, Jorge T. Clemente and Florencio Figueroa were summoned in open court. Let the remainder of the evidence be cited."

On January 29, 1964, Miss Ludmilia Rivera Burgos, an attorney of the Legal Aid Society, filed a Motion to Substitute Attorney alleging that the case was set for February 27, 1964, and that she would represent the defendant at the trial. It appears from the record that the court took no action on this motion.

The minutes of February 27, 1964, the day of the trial, begin with the following two paragraphs:

"These cases were called for trial, appearing The People of Puerto Rico represented by district attorney Wilfredo Figueroa Vélez, and the defendant, personally and without his attorney.

"It appearing that the attorney of record for this defendant is Mr. Andino Elías who was busy in Room 3 of this court,

the court designates in this act Miss Ludmilia Rivera Burgos and Mr. Juan Arbona Torres to bear the professional representation of this defendant. Mr. Andino Elías having appeared afterwards before the court, the court notified him of the designation of these attorneys made today and relieves him from any and all professional responsibility."

The transcript of evidence reveals that immediately after the clerk called the cases the following dialogue took place:

"THE COURT: Colleague Rivera Burgos appeared in the record as attorney for this defendant since January 29, 1964, and then the court also designated this morning colleague Arbona to appear at the hearing of this case after withdrawing the representation of Mr. Andino as attorney for this defendant because he was absent from this room attending a case, notwithstanding he had been notified since November of this setting for today. Which is the situation? Are the parties ready?

"MISS RIVERA BURGOS: We have conferred with the defendant in this case and have learned that he has been confined in the Psychiatric Hospital for a mental disease. That is, we have been unable to investigate the case; we have been unable to talk with the doctors and visit the Psychiatric Hospital, for which reason we are not prepared or in a position to commence trial.

"THE COURT: Colleague, for goodness sake! You appear here in the record, you appear in the record as attorney for this defendant since November . . . . Since what date did I say? January 29, 1964.

"MISS RIVERA BURGOS: Your Honor, remember that this defendant retained a lawyer, paid the lawyer his money; the lawyer studied the case; actually I have been able to confer with the defendant here today. The defendant was sure that his attorney would come to represent him.

"THE COURT: For what disease was this defendant . . .

"MISS RIVERA BURGOS: Your Honor, I cannot say.

"THE COURT: In that case I have no basis . . .

"MISS RIVERA BURGOS: I am not a medical expert nor a psychiatrist; defendant is not a psychiatrist either.

"THE COURT: In that case the court has not been placed in a position to determine whether or not defendant is in a position to commence trial in order to designate a tribunal of experts.
. . .

"MISS RIVERA BURGOS: Your Honor . . .

"THE COURT: Yes, just because Your Honor tells the court that he has been confined in a hospital is not sufficient for me to order a medical examination.

"MISS RIVERA BURGOS: Your Honor, we are not requesting that you order a medical examination; we are requesting the continuance in order to study the case and examine the evidence, if we deem it advisable, and visit the Psychiatric Hospital to study the record.

"THE JUDGE: Overruled. This defendant has had sufficient time to confer with his attorney. His case is going to be heard. The fault is his.

"MISS RIVERA BURGOS: We wish to state that we are not prepared to commence trial.

"THE COURT: Let it be shown in the record. Will the defendant please be seated. Proceed. Draw a jury. Colleague Arbona is acquainted with the facts of the case. Colleague Arbona represented a codefendant together with this man, named Felipe Morales Vázquez.

"MR. ARBONA: That's correct. We are acquainted, but we also agree with the colleague's contention. He has told us that he was confined there in New York, later he was confined here in Puerto Rico in the Psychiatric Hospital for a mental disease, and that he left the Psychiatric Hospital of his own accord. That is, that he was not discharged. We do not know whether he is able at this moment to commence trial and whether or not he was at the time of the facts, as to the facts of the case and knowledge of the case.

"THE COURT: Draw a jury.

"MISS RIVERA BURGOS: Your Honor, we wish to state that we are not ready to draw a jury.

"THE COURT: Draw a jury."

From the foregoing recital of the minutes and the record it appears that defendant thought that his attorney was

Mr. Andino; that the latter did not appear at the trial because that day he was at the trial of another case in another room; that the court therefore relieved him from responsibility in this case and ordered that the same be heard with two attorneys—Miss Ludmilia Rivera Burgos and Mr. Arbona—who repeatedly said that they were not prepared to hear the case. The position of the attorneys was not frivolous, since it appears from the record that they were going to rest on the defense of insanity, and the circumstances under which the case commenced show that actually they were not prepared. We understand and praise the effort of the trial judge to expedite the work of his court, but we believe that, under the specific circumstances of this case, the judge exceeded himself.

We have said that the case is borderline because Miss Rivera Burgos had informed the court through her motion of January 29, 1964, that she would represent the defendant at the trial. However, on the day of the hearing Miss Rivera Burgos herself informed the court that "actually I have been able to confer with the defendant here today. The defendant was sure that his attorney would come to represent him." We do not know whether the accused's defenselessness at the commencement of the hearing was due to the negligence of Miss Rivera Burgos, to her excess of work, or to any other cause, justified or not. The trial judge rightly protested, indicating that the attorney appeared in the record as attorney for defendant since January 29 of that year. However, we are not convinced that the trial court acted correctly in relieving Mr. Andino from responsibility when Miss Rivera Burgos herself seemed to believe that Mr. Andino would represent the defendant at the trial.

It is true that defendants, in exercising their right to choose their attorneys, also assume the responsibility of being bound by them and place themselves in the situation of being favored by their diligence or of being prejudiced

by the lack of it. However, a careful examination of the record of this case convinces us that defendant did not have the opportunity which he should have had of readying himself for trial. The duty devolves upon this Court to examine carefully the record in order to determine whether the formalities and the judicial ritual executed actually contain the substance of due process of law which they must contain. Without the substance which constitutes their raison d'etre, the formalities are worse than nothing.

Nothing in the decision herein conflicts with the holding in *People* v. *Barriera González*, 89 P.R.R. 756 (1964). There the facts were different. In *Barriera*, the case having been called to trial on April 11, 1962, the court set for the 18th of the same month the hearing of a motion for psychiatric examination filed by the defense and continued the hearing of the case on the merits to May 22, 1962. The hearing of the motion for psychiatric examination was held; the physicians testified and informed that defendant was in condition to be prosecuted, and the case was set anew for June 14, 1962. On that day, the case having been called for trial, defendant moved for continuance alleging that he was not prepared for hearing. The court acceded and continued the hearing to July 24, 1962. On July 23 defendant filed another motion for continuance, which was denied. There we said:

"It appears from this recital that four months elapsed from March 23, 1962, when the court designated Lloréns and Colón to represent the defendant, to the opening of the trial, July 24, 1962. It cannot be said that the trial court abused its discretion in not consenting to the last continuance of the trial. *People* v. *Rodríguez Correa*, 88 P.R.R. 635 (1963); *Pérez* v. *Delgado, Warden*, 83 P.R.R. 334, 335 (1961); *Romero* v. *Warden*, 78 P.R.R. 544, 549 (1955). As we stated in *Romero* v. *Warden, supra* at 550, we cannot grant to defendants the control over the calendars of the courts of justice. The first error assigned was not committed."

As may be seen, in *Barriera* the defendant had ample opportunity to prepare himself for the hearing. As we have stated, the record of the present case does not point to that conviction.[1]

The judgment rendered in this case by the Superior Court San Juan Part, on March 6, 1964, will be reversed and a new trial ordered.

---

[1] We include an Appendix which, though not exhaustive, we believe contains the most important steps in the jurisprudential development of the right to assistance of counsel in the federal case law of the United States and in Puerto Rico.